**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT GREENEVILLE**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 2:18-cr-00043-001-DCLC-CRW |
| v. | ) | |
| | ) | |
| DAVID LYNN SISK | ) | |

**MEMORANDUM AND ORDER**

DAVID LYNN SISK ("Defendant") came before the Court (via videoconference) for an initial appearance on August 25, 2026, in accordance with Rule 32.1 of the Federal Rules of Criminal Procedure on the Petition for Warrant for Offender Under Supervision [Doc. 59] (the "Petition").

After being sworn in due form of law, Defendant was informed of his privilege against self-incrimination under the 5th Amendment and his right to counsel under the 6th Amendment to the United States Constitution.

The Court determined Defendant wished to be represented by an attorney and that he qualified for the appointment of an attorney to represent him at government expense. Consequently, the Court **APPOINTED** attorney Nikki Pierce of Federal Defender Services of Eastern Tennessee, Inc., to represent Defendant.

Defendant was furnished with a copy of the Petition, and had an opportunity to review that document with his attorney. The Court determined that Defendant was able to read and understand the Petition with the assistance of his counsel. In addition, AUSA Meghan Gomez explained to Defendant the specific charges contained in the Petition. Defendant acknowledged he understood the charges in the Petition.

The Government moved Defendant be detained pending disposition of the Petition or further Order of this Court. The Court explained Defendant's right to a preliminary hearing and detention hearing and what those hearings entail. Defendant conferred with his counsel and waived the preliminary hearing and the detention hearing; however, Defendant's counsel advised the Court that Defendant was experiencing a mental health problem which was preventing Defendant from being able to understand the proceedings against him and assist counsel in the defense of the case. Consequently, Defendant's counsel, Ms. Pierce, made an oral motion for Defendant to be committed to a BOP facility for a mental competency evaluation pursuant to 18 U.S.C. § 4241(a). The Government did not object to Defendant's motion for a mental competency evaluation.

The Court finds that probable cause exists to demonstrate that Defendant has committed violations of his conditions of supervised release and that Defendant has not carried the burden of establishing by clear and convincing evidence that he will not flee or pose a danger to any other

person or to the community. Consequently, the Court granted the Government's oral motion to detain Defendant pending disposition of the Petition or further Order of this Court. Further, the Court granted Defendant's motion for a mental competency evaluation.

For the foregoing reasons, it is, therefore, **ORDERED** that:

1. Probable cause exists to demonstrate that Defendant has committed violations of his conditions of supervised release.

2. Defendant has not carried the burden of establishing by clear and convincing evidence that he will not flee or pose a danger to any other person or to the community. Consequently, the Government's motion that Defendant be **DETAINED WITHOUT BAIL** pending disposition of the Petition or further Order of this Court is **GRANTED**.

3. Defendant's motion for a mental competency evaluation pursuant to 18 U.S.C. § 4241(a) to determine whether Defendant is presently "suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense," is **GRANTED**. The undersigned will enter a separate order authorizing such mental evaluation.

4. Further proceedings with respect to these supervised release revocation proceedings will be held in abeyance pending resolution of Defendant's mental competency determination or further order of the Court.

5. Ultimately, counsel for Defendant and the Government shall confer and make best efforts to submit to the Honorable United States District Judge Clifton L. Corker a proposed Agreed Order with respect to an appropriate disposition of the Petition. In the event counsel are unable to reach agreement with respect to an appropriate disposition of the Petition, a revocation hearing shall, if necessary, be scheduled before the Honorable United States District Judge Clifton L. Corker following a mental competency determination.

**SO ORDERED.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE